IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-04-189-L |
| | ) | |
| BOBBY FITZGERALD PRINCE, SR., | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

This matter is before the court on the "Motion to Grant Leave to File a Notice of Appeal Pursuant to 18 U.S.C. § 3742 Out of Time" **[Doc. No. 125]**, filed more than three months after his June 1, 2005 sentencing by defendant Bobby Fitzgerald Prince, Sr.  The government has filed a response in opposition to the motion, which the court has carefully considered.

The court file reflects that defendant was sentenced to 150 months of incarceration in the Bureau of Prisons after he entered a plea of guilty to Count 6 of a multi-count indictment which charged transportation of a minor with intent to engage in prostitution in violation of 18 U.S.C. § 2423(a).  See Judgment & Commitment Order [Doc. No. 118], entered June 3, 2005.  Pursuant to his Plea Agreement, defendant waived his right to appeal, collaterally challenge or move to modify his sentence as imposed by the court and the manner in which the

sentence was determined, provided the sentence was within or below the advisory guideline range determined applicable by the court. See Plea Agreement [Doc. No. 86]. Defendant's 150 month sentence was well within the advisory guideline range determined to be applicable in this case.

Despite this waiver, defendant states in his present motion that his "Plea Agreement does not foreclose the Notice of Appeal being filed with the Court." Defendant offers no explanation for this statement, which is contradicted by his Plea Agreement and the complete record in this proceeding which demonstrates that defendant knowingly and voluntarily entered into the Plea Agreement including its appeal waiver provisions.

Defendant's motion states that his counsel was requested to file a Notice of Appeal but that none was ever filed. Defendant does not state when this alleged request was made and has not provided the court with any details concerning whether defendant took any other steps to insure that his counsel filed such Notice of Appeal.

A defendant in a criminal case is required to file a notice of appeal in the district court within ten days after entry of judgment. See Fed. R. App. P. 4(b)(1)(A)(i). Under Fed. R. App. P. 4(b)(4), the court may extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by Rule 4(b), but only upon a finding of excusable neglect or good cause. It is the defendant's burden to establish a sufficient

reason for the failure to comply with the filing requirements.  See United States v. Lucas, 597 F.2d 243, 245 (10th Cir. 1979).

As noted, defendant's present motion was filed well after the time periods referred to in Fed. R. App. P. 4(b) referenced above.  Therefore, the court must determine whether defendant has established the presence of excusable neglect in the failure to file a timely notice of appeal.  In determining this issue, the court considers (1) the danger of unfair prejudice to the nonmoving party, (2) the length of delay, including whether it was within the reasonable control of the movant, (3) the reason for the delay, including whether it was within the reasonable control of the defendant, and (4) whether the movant acted in good faith.  City of Chanute v. Williams Natural Gas Co., 31 F.3d 1041, 1046 (10th Cir. 1994), *citing* Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 395 (1993).

In considering these factors and taking into account the relevant circumstances, the court finds that defendant has failed to meet his burden of showing excusable neglect for the failure to comply with the deadlines provided by the rules of appellate procedure.  The danger of unfair prejudice to the government is apparent in light of defendant's waiver of his right to appeal.  Also, defendant has not even attempted to explain the lengthy delay in presenting the motion and the court finds that a three month delay is not insignificant.  Further, it is reasonable to question defendant's good faith in bringing the motion in light of

the voluntarily and knowing waiver of his right to appeal, which necessarily would include the filing of a notice of appeal. In the absence of excusable neglect, there is no basis for the court to grant defendant the relief requested.

Accordingly, defendant Bobby Fitzgerald Prince, Sr.'s "Motion to Grant Leave to File a Notice of Appeal Pursuant to 18 U.S.C. § 3742 Out of Time" **[Doc. No. 125]** should be and is hereby **DENIED.**

It is so ordered this 7th day of October, 2005.

_____
TIM LEONARD
United States District Judge